25 F.3d 1057
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Judy Ellen HOLBIRD, also known as Judy Ellen Luna, Plaintiff-Appellant,
v.
Burlen GLENN, formerly Deputy Sheriff for Latimer County,
Oklahoma; Latimer County Oklahoma, Defendants-Appellees.
 No. 93-7127.
 United States Court of Appeals, Tenth Circuit.
 June 1, 1994.
 
 Before LOGAN, SETH and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Judy Ellen Luna Holbird, a/k/a Judy Ellen Luna, appearing pro se, having been granted leave to proceed in forma pauperis, appeals from the district court's Order dismissing her 42 U.S.C. 1983 action on the grounds that it is barred by the Oklahoma statute of limitations. We agree.
 
 
 3
 A felony arrest warrant was issued on June 2, 1986, out of the District Court of Latimer County, Oklahoma, for plaintiff, who was wanted for Burglary, Second Degree. On March 21, 1988, Fort Smith, Arkansas, law enforcement officers, following communications with the Latimer County, Oklahoma, Sheriff's office, went to a Fort Smith residence relative to the Oklahoma warrant and to investigate several Fort Smith armed robberies. At the residence, the police encountered plaintiff and a shoot-out took place. Plaintiff was injured, afterward arrested and prosecuted for crimes committed in Arkansas.
 
 
 4
 Plaintiff filed the instant civil rights complaint on April 21, 1993, seeking $500,000 against each of the Oklahoma defendants, alleging that the Oklahoma arrest warrant acted upon by the Arkansas law enforcement officials was issued without due process of law, resulting in her illegal arrest and seizure, use of excessive force, denial of due process, false imprisonment, cruel and unusual punishment, denial of medical treatment, physical injuries and denial of adequate assistance of counsel, all in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution. Plaintiff alleged that these injuries were the result of her arrest on March 21, 1988, when the Fort Smith law enforcement officers sought to hold her for extradition to the State of Oklahoma at the request of the defendants.
 
 
 5
 On appeal, plaintiff simply alleges that she was denied due process when the defendants contacted the Fort Smith, Arkansas, law enforcement officials on March 21, 1988, to execute the Oklahoma arrest warrant.
 
 
 6
 The defendants filed a Motion to Dismiss for failure of plaintiff to state a cause of action upon which relief can be granted, under Fed.R.Civ.P. 12(b)(6). The district court agreed, and ruled:
 
 
 7
 ... The statute of limitations period for civil rights actions brought pursuant to 42 U.S.C.1983 is determined by state law. Board of Regents v. Tomanio, 446 U.S. 478 (1980). The applicable statute of limitations for Oklahoma is the two-year limitation period for "an action for injury to the rights of another." Okla. Stat. Tit. 12, 95(3). See also Meade v. Grubbs, 841 F.2d 1512 (10th Cir.1988); Wilson v. Garcia, 471 U.S. 261 (1985).
 
 
 8
 Plaintiff's complaint and attached brief in support reveal that the events complained of occurred more than two years before the complaint was filed. Plaintiff has had the opportunity to file a response to Defendants' motion to dismiss. However, this court finds Plaintiff's response insufficient to overcome the statute of limitations.
 
 
 9
 We AFFIRM.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470